

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| STONY BROOK DEVELOPMENT, LLC, | * | Case No. 06-13781-WIL |
| | | Chapter 11 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF DECISION IN SUPPORT OF ORDER DENYING MOTION [16] OF SKY BANK TO TRANSFER VENUE

The Court has before it the Motion [16] of Sky Bank to Transfer Venue to the United States Bankruptcy Court for the Northern District of West Virginia (the "Motion"), filed on July 21, 2006, the Debtor's Response [21], filed on July 31, 2006, the Objection [24] of K Bank, filed on August 7, 2006, and the Opposition [26] of Farm Credit of the Virginias, ACA ("Farm Credit"), filed on August 28, 2006. A hearing on this matter was held on August 29, 2006. The Court has reviewed the pleadings, the record in this case and has heard argument of counsel, and now issues this Memorandum of Decision in support of its Order denying Sky Bank's Motion.

**Background**

On June 29, 2006, the Debtor filed its voluntary chapter 11 petition. On July 19, 2006, the Debtor filed its Schedules and Statement of Financial Affairs. Other than a vehicle listed on Schedule B, the Debtor's major assets appear to consist of two parcels of real estate. The first is an undeveloped piece of land in Lake Crest Estates Development, Cheat Lake, West Virginia (the "Cheat Lake Property"), valued at $4,000,000.00. The second is an office on Garrett Highway, McHenry, Maryland (the "Garrett County Property"), valued at $700,000.00. The Cheat Lake Property is encumbered by two liens in favor of Sky Bank and K Bank. The Debtor believes that Sky Bank's lien is fully secured and that K Bank's lien may be partially secured by this property, and that the unsecured portion of K Bank's claim may be the largest unsecured claim in this case. The Debtor also believes that K Bank's lien may be secured by other collateral located in Maryland that is owned by parties affiliated with the Debtors. The Garrett County Property is encumbered by a lien in favor of Farm Credit, which lien may be fully or partially secured.

Sky Bank is a Pennsylvania financial institution. Its loan documents regarding the Cheat Lake Property are governed by Pennsylvania law. K Bank is located in Maryland. Farm Credit's principal place of business is in Virginia but it has an office in Maryland as well. On Schedule H, the Debtor listed two co-debtors, Brenda and Louis Strosnider, both of Oakland, Maryland. Mr. Strosnider is also the president of the Debtor. Creditors listed on Schedule F are located in West Virginia, Ohio and Pennsylvania. In the Statement of Financial Affairs, the Debtor disclosed a lawsuit (K Bank, plaintiff) pending in Circuit Court of Maryland for

Washington County, and also disclosed that its books and records are located in Oakland, Maryland.

Sky Bank seeks to transfer venue to the Bankruptcy Court for the Northern District of West Virginia on the grounds that it would be more economic and efficient for the administration of the estate and more convenient to the parties.  The Cheat Lake Property is located there, the majority of the Debtor's creditors are located there, all but one of the creditors is closer in proximity to the Bankruptcy Court in West Virginia than they are to this Court, and because the Debtor is closer to West Virginia.  Sky Bank also argues that certain witnesses and experts that will undoubtedly be employed in this case in connection with the sale and/or valuation of the Cheat Lake Property will need to be licensed in West Virginia, or at least have experience with those issues in West Virginia.  Sky Bank finally argues that it is in the best interest of justice to transfer venue because issues of West Virginia and Pennsylvania law will predominate.

The Debtor, K Bank and Farm Credit oppose the Motion.  They argue that the Debtor, its officers and headquarters are in this district, that the Debtor has been engaged in a majority of its real estate transactions in Maryland, that K Bank is located here, and that the collateral securing at least some portion of their liens is located in Maryland.  They also argue that it makes no difference which of the two courts applies the law governing Sky Bank's contracts with the Debtor.  K Bank further argues that there are alleged fraudulent conveyances that occurred in Maryland.  Finally, the Debtor argues that a related Chapter 11 case, Ridgeline Hospitality Services, LLC, Case No. 06-14869-WIL, is pending before this Court, and Mr. Strosnider is involved in this case as well.  The Court notes that a hearing in the Ridgeline Hospitality case on the debtor's motion to dismiss is scheduled for September 12, 2006.

**Discussion**

Sky Bank concedes that this Court has jurisdiction and that venue is proper here. Venue of the bankruptcy case is proper in the District of Maryland pursuant to 28 U.S.C. §1408. Sky Bank seeks to transfer venue to West Virginia, pursuant to 28 U.S.C. §1412. Section 1412 provides the Court may transfer the bankruptcy case to another district in the interest of justice or for the convenience of the parties. 28 U.S.C. §1412. Transferring venue is within the sound discretion of the bankruptcy court and should be exercised with caution. *In re Ridgely Comm., Inc.*, 107 B.R. 72, 78 (Bankr. D. Md. 1989). This exercise requires the Court to consider the following factors: (1) proximity of creditors to the Court; (2) proximity of the Debtor to the Court; (3) proximity of witnesses necessary to the administration of the estate; (4) location of estate assets; (5) economic administration of the estate; and (6) whether ancillary administration will be necessary. *Id*. (citing *Commonwealth of Puerto Rico v. Commonwealth Oil Refining Co., Inc. (In re Commonwealth Oil Refining Co., Inc.)*, 596 F. 2d 1239, 1247 (5th Cir. 1979)).

The Court finds that at this early stage in the bankruptcy case it is no more inconvenient for parties in interest or as yet unidentified witnesses to travel to the Southern Division of the District of Maryland than it would be to the Northern District of West Virginia. The Court needs more than mere allegations by Sky Bank that witnesses will be needed and why their inconvenience in traveling to this district outweighs the Debtor's choice to file its petition here. *See e.g., Intranexus, Inc. v. Siemens Medical Solutions Health Services Corp.*, 227 F. Supp. 2d 581, 584 (D. E.D. Va. 2002) (citing *Scheidt v. Klein*, 956 F. 2d 963, 966 (10th Cir. 1992) (in context of motions to transfer venue of non-bankruptcy case under 28 U.S.C. §1404(a)). *See also Cole-Tuve, Inc. v. American Machine Tools Corp.*, 342 F. Supp. 2d 362, (D. Md. 2004)

(also in context of a motion under 28 U.S.C. §1404(a) and citing *Helsel v. Tishman Realty & Constr. Co.*, 198 F. Supp 2d 710, 712 (D. Md. 2002) (finding that a party seeking to transfer venue must submit affidavits from witnesses demonstrating inconvenience).

In addition, it is reasonable to assume that the more active participants in this case have already appeared before this Court at the hearing on August 29, 2006.  It is too soon to tell how much or little other parties, such as the general unsecured creditors, will participate.  The Debtor may well be closer in miles to West Virginia, as Sky Bank suggests, but the Debtor does not wish to go there.  The Court finds that a significant consideration.  The Court is also persuaded that Maryland is the better venue, notwithstanding the location of the Cheat Lake Property, because the Debtor's books and records, officers and co-debtors are located in Maryland.  This Court is equally able to interpret Sky Bank's loan documents and apply Pennsylvania law as the West Virginia court is and this consideration is given little weight.  There is also a potentially substantial state court suit pending in Washington County Maryland, a case the parties have intimated will be the subject of a motion for relief from stay.  The related Ridgeline Hospitality case (again, the Court is aware that the debtor's motion to dismiss that case is pending) and Mr. Strosnider's involvement therein is a minor factor that supports denial of the Motion.  The Court is not convinced that the need for ancillary administration if the Cheat Lake Property or other assets are liquidated weighs strongly enough to overcome the desires of the Debtor, its co-obligors and two of the major creditors to retain venue in this Court.

For the foregoing reasons, the Court finds that it would be more efficient for the administration of the estate and more convenient to the Debtor, its insiders and the creditors likely to participate in this case to remain in this district and will therefore deny the Motion. A separate Order will issue.

cc: Debtor
    Counsel for the Debtor - Ronald Drescher, Esq.
    Counsel for Sky Bank - Richard Costella, Esq.
    Counsel for K Bank - Troy Swanson, Esq.
    Counsel for Farm Credit of the Virginias, ACA - Roger Schlossberg, Esq.
    U.S. Trustee